BY THE COURT:
/s/ MICHAEL K. DAVIS
Chief Justice
Attachment
*946 BEFORE THE SUPREME COURT STATE OF WYOMING In the matter of JASON P. NOBLES, Respondent.
REPORT AND RECOMMENDATION FOR APPROVAL OF CONSENT AGREEMENT
THIS MATTER having come before the Unauthorized Practice of Law Committee (the "Committee") upon the motion of Bar Counsel for approval of a Consent Agreement in the above-captioned matter, and the Committee having considered the matter and being fully advised in the premises, finds, concludes and recommends:
1. The investigation in the above-captioned matter was initiated by Bar Counsel following receipt of a report from the Honorable Dawnessa A. Snyder, Second Judicial District Court Judge, that Respondent, Jason P. Nobles, a bail bondsman residing in Casper, Wyoming, may have engaged in the unauthorized practice of law by filing a Verified Petition to Revoke Bond and Surrender Defendant in a criminal matter in Judge Snyder's court.
2. Rule 7, Rules Governing the Wyoming State Bar and the Authorized Practice of Law, provides in relevant part:
Rule 7. Authorization to practice law.
(a) The following persons are authorized to practice law in Wyoming:
(1) Members of the Wyoming State Bar, as more fully delineated and subject to the limitations set forth in the Bylaws of the Wyoming State Bar;
(2) Attorneys who have been granted pro hac vice admission as provided in Rule 8, subject to the limitations set forth in that rule;
(3) Law school clinic supervising attorneys meeting the qualifications of Rule 9, subject to the limitations set forth in that rule;
(4) Law students meeting the qualifications of Rule 9, subject to the limitations set forth in that rule; and
(5) Attorneys meeting the qualifications of Rule 5.5(d) of the Wyoming Rules of Professional Conduct, subject to the limitations set forth in that rule.
(b) Practice law means providing any legal service for any other person, firm or corporation, with or without compensation, or providing professional legal advice or services where there is a client relationship of trust or reliance, including appearing as an advocate in a representative capacity; drafting pleadings or other documents; or performing any act in a representative capacity in connection with a prospective or pending proceeding before any tribunal.
* * *
*947 3. Following receipt of Bar Counsel's letter of inquiry, Respondent's counsel contacted Bar Counsel and advised that Respondent was willing to enter into a consent agreement as provided in Rule 5(f) of the Rules of Procedure Governing Unauthorized Practice of Law Proceedings (the "UPL Rules"), which states:
(f) If, after conducting an investigation, Bar Counsel believes that the respondent has engaged in the unauthorized practice of law, Bar Counsel may do one or more of the following:
(1) commence civil injunction proceedings as provided in Rule 6;
(2) commence civil contempt proceedings as provided in Rule 8;
(3) enter into a consent agreement with the respondent in which the respondent agrees to do one or more of the following:
(A) refrain from the conduct in question;
(B) refund any fees collected;
(C) make restitution;
(D) pay a fine that may range from one hundred dollars ($100) to two hundred and fifty dollars ($250) per incident of unauthorized practice of law.
4. Respondent concedes that he is not a member of the Wyoming State Bar and engaged in the unauthorized practice of law by filing the Verified Petition as reported by Judge Snyder.
5. Pursuant to UPL Rule 5(f)(3), Respondent has agreed that he will refrain from similar conduct in the future.
6. Bar Counsel has agreed to forbear on other sanctions available under the Rules, including assessment of a fine; commencing civil injunction proceedings; and commencing civil contempt proceedings. However, Bar Counsel expressly reserves the right to pursue all available *948 sanctions in the event Respondent commits conduct in violation with this Consent Agreement or Rule 7 of the Rules Governing the Wyoming State Bar and the Authorized Practice of Law.
7. The parties have agreed that in the event this Consent Agreement is approved, Bar Counsel will provide a copy of the approved Consent Agreement to the Wyoming Department of Insurance.
8. UPL Rule 3(e) provides that the Committee has the authority to approve consent agreements:
The Committee shall have jurisdiction to conduct hearings on complaints alleging the unauthorized practice of law submitted by any person, including Bar Counsel; to approve or reject consent agreements; and to submit a report and recommendation to the Supreme Court containing findings of fact and conclusions of law following such hearings or approvals of consent agreements.
9. UPL Rule 6(d)(3)(A) provides:
If the respondent has entered into a consent agreement under subparagraph (3) of paragraph (f) of Rule 5, the consent agreement shall be submitted to the Committee for consideration along with the recommendations of Bar Counsel. Within thirty (30) days of the agreement being tendered to the Committee, the Committee shall issue a decision either accepting or rejecting the agreement.
10. A quorum of the UPL Committee has reviewed Bar Counsel's motion for approval of the Consent Agreement and finds that said motion should be granted.
WHEREFORE, pursuant to Rule 7(c) of the UPL Procedural Rules, the Committee recommends that the Court approve the Consent Agreement in the above-captioned matter.
DATED this 31 st day of July, 2018.
Christine Stickley, Chair Unauthorized Practice of Law Committee Wyoming State Bar
*949 BEFORE THE UNAUTHORIZED PRACTICE OF LAW COMMITTEE WYOMING STATE BAR
In the matter of JASON P. NOBLES, Respondent.
CONSENT AGREEMENT
THIS CONSENT AGREEMENT is entered into by and between Mark W. Gifford, Bar Counsel for the Wyoming State Bar ("Bar Counsel") and Jason P. Nobles ("Respondent").
WHEREAS, Nobles is a bail bondsman licensed by the Wyoming Insurance Department as a Wyoming Resident Casualty Producer, License No. 188406, whose primary place of business is Casper, Wyoming; and
WHEREAS, by letter dated February 23, 2018, Bar Counsel received a report from the Honorable Dawnessa A. Snyder, Second Judicial District Court Judge, that Respondent may have engaged in the unauthorized practice of law by filing a Verified Petition to Revoke Bond and Surrender Defendant in a criminal matter in Judge Snyder's court (see Exhibit A hereto); and
WHEREAS, Nobles signed the Verified Petition under oath, identifying himself as "Obligor and Legal Liable Agent to that of a Commercial Surety Bond" and alleging that he was acting pursuant to a "Bankers Surety Power of Attorney;" and
WHEREAS, the Verified Petition related to a $25,000.00 Commercial Surety Bond filed with the court which identified "Bankers Insurance Company, of PO Box 33015 St. Petersburg, FL 33733" as Surety, with Nobles having signed the Bond as the Surety's attorney in fact (see Exhibit B hereto); and
WHEREAS, Nobles had liability on the Bond pursuant to his separate agreement(s) with Bankers Insurance Company, as he was required to indemnify and hold Bankers harmless for *950 any bail he executed. However, it was Bankers Insurance Company, not Nobles, that the Court would have looked to for performance on the bond. Nobles maintains that, ultimately, because of his agreement with Bankers Insurance Company, he would have been responsible for the bond being paid to the Court; and
WHEREAS, Nobles' designation as attorney in fact did not enable Nobles to represent Bankers Insurance Company or Wyoming Bail Agency in court proceedings, but it was not his intention to engage in the unauthorized practice of law; and
WHEREAS, the Wyoming Supreme Court's Rules Governing the Wyoming State Bar and the Authorized Practice of Law provide, in relevant part:
Rule 7. Authorization to practice law.
(a) The following persons are authorized to practice law in Wyoming:
(1) Members of the Wyoming State Bar, as more fully delineated and subject to the limitations set forth in the Bylaws of the Wyoming State Bar;
(2) Attorneys who have been granted pro hac vice admission as provided in Rule 8, subject to the limitations set forth in that rule;
(3) Law school clinic supervising attorneys meeting the qualifications of Rule 9, subject to the limitations set forth in that rule;
(4) Law students meeting the qualifications of Rule 9, subject to the limitations set forth in that rule; and
(5) Attorneys meeting the qualifications of Rule 5.5(d) of the Wyoming Rules of Professional Conduct, subject to the limitations set forth in that rule.
(b) Practice law means providing any legal service for any other person, firm or corporation, with or without compensation, or providing professional legal advice or services where there is a client relationship of trust or reliance, including appearing as an advocate in a representative capacity; drafting pleadings or other documents; or performing any act in a representative capacity in connection with a prospective or pending proceeding before any tribunal.
* * *
and
WHEREAS, Respondent concedes that he is not a member of the Wyoming State Bar and engaged in the unauthorized practice of law by filing the Verified Petition as reported by Judge Snyder; and *951 WHEREAS, following Bar Counsel's investigation of the matter pursuant to the Rules of Procedure Governing Unauthorized Practice of Law Proceedings (the "UPL Procedural Rules"), the parties have come to terms on this Consent Agreement as provided in Rule 5(f)(3) of said Rules.
NOW, THEREFORE, in consideration of the premises and the foregoing recitals, the accuracy of which are hereby confirmed by the parties, it is agreed:
1. Respondent's legal representation of Wyoming Bail Agency and/or Bankers Insurance Company in filing the Verified Petition as reported by Judge Snyder constituted the Unauthorized Practice of Law pursuant to Rule 7 of the Rules Governing the Wyoming State Bar and the Authorized Practice of Law.
2. Pursuant to Rule 5(f)(3), Respondent agrees that he will refrain from similar conduct in the future.
3. Bar Counsel has agreed to forbear on other sanctions available under the Rules, including assessment of a fine; commencing civil injunction proceedings; and commencing civil contempt proceedings. However, Bar Counsel expressly reserves the right to pursue all available sanctions in the event Respondent commits conduct in violation with this Consent Agreement or Rule 7 of the Rules Governing the Wyoming State Bar and the Authorized Practice of Law.
4. The parties agree that in the event this Consent Agreement is approved by the Committee on the Unauthorized Practice of Law, Bar Counsel will provide a copy of the approved Consent Agreement to the Wyoming Department of Insurance.
SO STIPULATED: Mark W. Gifford, Bar Counsel Wyoming State Bar *952 Jason P. Nobles, Respondent STATE OF WYOMING ss. COUNTY OF NATRONA
Subscribed and sworn to before me on this 12th day of July, 2018, by Jason P. Nobles.
Notary Public My Commission Expires: 9-15-2021